# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TAVARUS MURRAY, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 17-cv-4029 |
| ) | |
| DR. KUL SOOD, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs, negligence, retaliation and intentional infliction of emotional distress ("IIED") at the Hill Correctional Center ("Hill"). He names Medical Director Dr. Sood, Health Care Administrator Lindorff, Nursing Director Brown, Nurses Parrish, Lewis, Pierce, Smith, Fatanini and Wexford Services, Inc. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges Plaintiff alleges that on September 8, 2015, he submitted a sick call slip due to severe pain in the area of his buttocks. He was seen that day by Dr. Sood who determined that the pain was caused by a boil, or cyst. Dr. Sood prescribed an unidentified medication,

which was allegedly unsuccessful in treating the infection. Plaintiff claims that the cyst regularly discharged blood and pus, which stained his clothing and bed sheets. He was placed on a medical shower list to have a daily shower and underwent regular bandage changes. Plaintiff alleges that Defendant Nurses Parrish, Fatanini, Pierce, Smith and Lewis tried to express and drain the cyst but were unsuccessful.

Plaintiff complained of the Nurses' allegedly ineffective treatment to Defendants Lindorff, Brown and Sood. He claims that, thereafter, Defendants Parrish, Fatanini, Pierce, Smith and Lewis retaliated against him by taking him off the daily shower list, and not regularly providing him clean bandages to keep in his cell. Plaintiff claims that the infection did not abate due to the Nurses' failure to provide this treatment.

Plaintiff claims that he underwent three surgeries, apparently by Dr. Sood, before the cyst successfully healed. He claims to have developed an infection after the first surgery, and to have required a second surgical procedure. Plaintiff claims that the second surgery, done on February 24, 2016, was unsuccessful and caused him additional pain and suffering. He alleges that Defendant Sood failed to properly diagnose and treat his medical condition.

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. Plaintiff's deliberate indifference claims as to Defendants Sood, Parrish, Fatanini, Pierce, Smith and Lewis will proceed.

Plaintiff's negligence claim as to Dr. Sood, however, fails to state a constitutional claim. "[I]n order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). This claim is DISMISSED.

In Plaintiff's retaliation claim against the Defendant Nurses, he must allege that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009). Here, Plaintiff has alleged a colorable claim that Defendants Parrish, Fatanini, Pierce, Smith and Lewis retaliated against him for complaints he had made to their superiors.

Plaintiff asserts an IIED claim against all Defendants. Plaintiff's IIED claim is governed by Illinois state law which requires that Plaintiff establish that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen–El v. Cook Cty. Sheriff's Dept.,* 602 F.3d 852, 864 (7th Cir. 2010) (internal citation omitted). Defendants' claims as to Lindorff and Brown are premised on their failure to respond to his letters and clearly fail to allege extreme and outrageous conduct.

Plaintiff's IIED claims as to Defendants Sood, Parrish, Fatanini, Pierce, Smith and Lewis, premised on their failure to provide adequate medical care, is not sufficient to establish that their conduct was extreme and outrageous. It appears that Plaintiff was provided regular medical

3

treatment and underwent three surgeries to correct the cyst. This is not evidence of conduct egregious enough to plead an IIED claim. Plaintiff's IIED claim, as it extends to the retaliatory refusal to allow daily showers and to provide dressings for Plaintiff to keep in his cell, also fails to reach the threshold level for IIED.

Plaintiff also appears to assert IIED where he alleges that "the nurses" discussed his medical condition with guards and other inmates to embarrass him. Plaintiff does not identify which nurses engaged in this conduct, the identity of the guards or inmates to whom the disclosures were made, when they were made, or how he came to learn of them. This claim is too vague to assert extreme and outrageous conduct or that it resulted in severe emotional distress, and is DISMISSED.

Plaintiff also alleges an action against Wexford. He claims that the nurses required that he submit a sick call request each time he sought treatment for the cyst. He asserts that this was done pursuant to a Wexford policy and was intended to limit medical treatment to those with chronic conditions. Plaintiff does not allege, however, that he suffered any injury because he had to fill out the sick call requests. *Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012) ([t]o establish liability, plaintiff must show that the policy or custom was a "'moving force' behind the deprivation of constitutional rights.") *See also, Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). The claim against Wexford is DISMISSED.

Plaintiff's allegations that Defendants Lindorff and Brown are liable for deliberate indifference merely because he sent them letters of complaint fail to state a claim. "Public officials do not have a free-floating obligation to put things to rights… [b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job....the Superintendent of

Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). "Simply receiving correspondence from a prisoner about a medical problem doesn't make a prison official liable for the failure to provide medical care under the Eighth Amendment." *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). Defendants Lindorff and Brown are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the Eighth Amendment deliberate indifference against Defendants Dr. Sood and Nurses Parrish, Fatanini, Pierce, Smith and Lewis; and retaliation claim against Defendants Parrish, Fatanini, Pierce, Smith and Lewis identified herein. Plaintiff's negligence and IIED claims against the same Defendants are DISMISSED. Defendants Lindorff, Brown and Wexford are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's motion for recruitment of *pro bono* counsel [5] is rendered MOOT by his subsequently filed a motion at [11]. As to the latter motion, the Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). It must consider Plaintiff's request based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013). In the instant case, the plaintiff appears to be literate; he has filed cogent pleadings with the Court; and has survived a merit review. At this juncture, it does not appear

that Plaintiff's claim is so novel or complex that he cannot litigate it himself. [11] is DENIED. Plaintiff's motion for status [7] is rendered MOOT by this order.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 6/15/2017

                                                s/Joe Billy McDade
                                                JOE BILLY McDADE
                                          UNITED STATES DISTRICT JUDGE